UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TIMOTHY P. CARDWELL, | ) ) | |
| Plaintiff, | ) ) | CA # 04CV11993PBS |
| v. | ) ) ) | |
| TOWN OF WEYMOUTH; MICHAEL C. BRENNAN, individually and in his official capacity; MATTHEW TINLIN, individually and in his official capacity; RICHARD AHLSTEDT, individually and in his official capacity, JOSEPH COMPERCHIO, individually and in his official capacity; W. PAUL BURKE, individually and in his official capacity | ) ) ) ) ) ) ) ) ) | |
| Defendants | ) ) ) | |

## AMENDED COMPLAINT AND JURY DEMAND

     This is an action for equitable relief and to recover money damages resulting from wrongful and malicious prosecution, false arrest, false imprisonment and unlawful detention, assault and battery, threats, use of excessive and unlawful force in making an arrest, unlawful search and seizure, and failure to inform the plaintiff of charges being made against him in a timely manner, and negligence. This action arises under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and is brought pursuant to 42 U.S.C. §1983. Plaintiff invokes this Court's supplemental jurisdiction to recover damages under (1) M.G.L. ch. 12 §11I for damages resulting from the infringement of rights secured by the Constitution and the laws of the Commonwealth and of the United States; (2) M.G.L. ch. 258 § 2 for damages directly and proximately caused by the negligent conduct of the Defendants; and (3) Massachusetts statutory and common law for violation of personal rights.

## PARTIES

1.  TIMOTHY P. CARDWELL ("Plaintiff) is a natural person who resides at 17 Beechwood Lane, West Lebanon, New Hampshire.

2.  TOWN OF WEYMOUTH is a municipality duly established under the laws of the Commonwealth of Massachusetts.

3.  MICHAEL C. BRENNAN is a natural person who at all times material to the complaint was an individual employed by the Police Department of the Town of Weymouth.

4.  MATTHEW TINLIN is a natural person who at all times material to the complaint was an individual employed by the Police Department of the Town of Weymouth.

5.  RICHARD AHLSTEDT is a natural person who at all times material to the complaint was an individual employed by the Police Department of the Town of Weymouth.

6.  JOSEPH COMPERCHIO is a natural person who at all times material to the complaint was an individual employed by the Police Department of the Town of Weymouth.

7.  W. PAUL BURKE is a natural person who at all times material to the complaint was an individual employed by the Police Department of the Town of Weymouth.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this claim against the Defendants under 28 U.S.C. §1331.

9.      Venue is proper under 28 U.S.C. §1391(b)(1) and (2).

## STATEMENT OF FACTS

10.  On September 18, 2001, Plaintiff was a patient at Muscle Medics, a massage therapy facility located in the Town of Weymouth. While there, the individual Defendants began questioning Plaintiff about a white van that was located outside the facility. Plaintiff Cardwell readily acknowledged that he was the owner and operator of the van in question.

11. After answering repeated questions about the van in question, Plaintiff informed the individual Defendants that he would not answer any more questions, and demanded that the officers either arrest him, or interrogate him in the presence of a lawyer. After the individual Defendants answered that Plaintiff would not be placed under arrest, Plaintiff asked that the officers cease their questioning, after which time the individual Defendants left the premises.

12. After Plaintiff left the premises, Plaintiff was followed by a marked police cruiser, which eventually stopped the van he was driving. After this time the individual Defendants opened the Plaintiff's door, forcibly pulled Plaintiff out of his van, threw him against the vehicle, and placed Plaintiff in handcuffs. During this arrest, the individual Defendants struck Plaintiff several times from behind.

13. The individual Defendants placed Plaintiff into a police cruiser, rolled up the windows, and turned on the cruiser's heat.

14. The individual Defendants then conducted a search of Plaintiff's vehicle.

15. While Plaintiff was seated in the cruiser, the individual Defendants noticed that Plaintiff was using his cell phone. When the individual Defendants saw this, they pulled Plaintiff, who continued to be restrained in handcuffs, from the vehicle and struck him several times from behind. The individual Defendants intentionally re-cuffed Plaintiff too tightly, causing injury to his wrists.

16. After being placed in the cruiser, Plaintiff asked for an ambulance so he could receive medical treatment. Plaintiff's request for medical treatment was denied by the individual Defendants.

17. The individual Defendants eventually permitted the Plaintiff emergency medical treatment, allowing an ambulance to arrive. Plaintiff was transported by ambulance to the South Shore Hospital, where he received medical treatment for trauma and a suspected heart attack.

18. While at the hospital and being treated for his injuries, Plaintiff was booked by the individual Defendants. The individual Defendants charged the Plaintiff with operating a vehicle after suspension and possession of a hypodermic needle.

19. Prior to being charged with possession of a hypodermic needle, Plaintiff demonstrated to the individual Defendants that he was lawfully in possession of a hypodermic needle.

20.   Defendants initiated and prosecuted a criminal complaint against Plaintiff for operating after suspension and possession of a hypodermic needle.

21.   Defendants had no factual basis on which to determine that Plaintiff was operating after suspension, and proceeded to bring a charges against Plaintiff for which they knew they had no probable cause.

22.   The charges against Plaintiff were dismissed with prejudice.

23.   As a result of the conduct of the individual Defendants and the Town of Weymouth, Plaintiff has suffered violations of rights secured by the Constitution of the United States and the Commonwealth of Massachusetts.

24.   As a result of the conduct of the individual Defendants and the Town of Weymouth, Plaintiff has suffered physical injuries, severe emotional distress, anxiety, embarrassment, humiliation, lost wages, and lost earning capacity.

25.   As a result of the injuries suffered by Plaintiff, Plaintiff was caused to incur substantial medical and other expenses and losses.

## COUNT ONE
## VIOLATION OF 42 U.S.C. §1983
## TOWN OF WEYMOUTH, MICHAEL C. BRENNAN, MATTHEW TINLIN, RICHARD ALSTEDT, JOSEPH COMPERCHIO, W. PAUL BURKE

26.   Plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 25 of this complaint as if fully set forth herein.

27.   The actions of the Defendants in stopping, detaining, and arresting Plaintiff without probable cause, constitute an infringement of Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizure, and his Fifth and Fourteenth right to due process, all in violation of 42 U.S.C. §1983.

28.   The actions of the Defendants, in seeking criminal process against Plaintiff without probable cause, constitute an infringement of Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizure, and his Fifth and Fourteenth right to due process, all in violation of 42 U.S.C. §1983.

29.   The actions of the Defendants, in refusing to inform the plaintiff of the charges against him, constitutes an infringement of Plaintiff's Fourth and Fourteenth Amendment rights

to be informed of the nature of the accusations against him, in violation of 42 U.S.C. §1983.

30.    The actions of the Defendants in employing excessive force in arresting and detaining Plaintiff, constitute an infringement of Plaintiff's Fourth and Fourteenth Amendment rights to due process and to be free from unreasonable seizures, in violation of 42 U.S.C. §1983.

31.    The actions of the Defendants in conducting unlawful searches of Plaintiff's person, vehicle, and possessions, constitute an infringement of Plaintiff's Fourth and Fourteenth Amendment rights to due process and to be free from unreasonable searches and seizures, in violation of 42 U.S.C. §1983.

32.    The Town of Weymouth is liable for its own acts and omissions, as well those of its employees and the individual Defendants in this action.

33.    The actions of Defendant Town of Weymouth, in failing to properly train, supervise, and discipline the individual Defendants regarding the proper standards for making stops and arrests, the proper use of force in effectuating an arrest, the proper use of force on suspects already in custody, and proper investigatory and prosecutorial methods constitute a policy of gross negligence amounting to deliberate indifference to the rights secured by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, all in violation of 42 U.S.C. §1983.  This deliberate indifference to constitutional rights was a proximate cause of Plaintiff's injuries.

## COUNT TWO
## VIOLATION OF M.G.L. ch 12, §11I
## TOWN OF WEYMOUTH, MICHAEL C. BRENNAN, MATTHEW TINLIN, RICHARD ALSTEDT, JOSEPH COMPERCHIO, W. PAUL BURKE

34.    Plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 33 of this complaint as if fully set forth herein.

35.    By engaging in the conduct described above, and by employing threats, coercion, and intimidation of Plaintiff to effectuate his unlawful arrest and prosecution, Defendants interfered with plaintiff's exercise and enjoyment of rights secured by the constitutions of the

United States and the Commonwealth of Massachusetts, including, *inter alia,* (1) the right to be free from unreasonable seizure as secured by the Fourth and Fourteenth Amendments to the United States Constitution, and by Article XIV of the Massachusetts Declaration of rights, (2) the right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments to the United States Constitution, and by Article XIV of the Massachusetts Declaration of rights (3) the right to be informed of the nature of a criminal accusation as secured by the Sixth and Fourteenth Amendments to the United States Constitution and by Article XII of the Massachusetts Declaration of Rights, (4) the right to due process as secured by the Fifth and Fourteenth Amendments to the United States Constitution and by Article XII of the Massachusetts Declaration of Rights.

36. The Town of Weymouth is liable for its own acts and omissions, as well those of its employees and the individual Defendants in this action.

37. Defendants' actions, as described in paragraph 32, above, constitute a violation of M.G.L. ch. 12, § 11I.

## COUNT THREE
## NEGLIGENCE UNDER M.G.L. CH. 258, §2
## TOWN OF WEYMOUTH

38. Plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 37 of this complaint as if fully set forth herein.

39. The individual Defendants owed to the plaintiff a duty to use due care in their in their investigations of Plaintiff, but failed to exercise such care, and arrested and detained Plaintiff without probable cause.

40. The individual Defendants owed to the plaintiff a duty to use due care in their in their prosecutions of Plaintiff, but failed to exercise such care, and initiated a prosecution for which there was no probable cause.

41. The individual Defendants owed to the plaintiff a duty to exercise due care in effectuating the arrest of Plaintiff, in particular, to use no more force than reasonably necessary to ef-

fectuate the arrest and to promptly inform the plaintiff of the charges against him, but failed to do so.

42. The Town of Weymouth owed to Plaintiff a duty to properly hire, train, instruct, supervise, control, and discipline its employees, including the individual Defendants, but it negligently failed to do so.

43. The negligence of the individual Defendants and the Town of Weymouth proximately caused Plaintiff's injuries.

44. The Town of Weymouth is liable for its own negligence as well as for the negligent acts of its employees and the individual Defendants in this action.

45. On or about September 13, 2003, Plaintiff made a presentation to the Town of Weymouth with respect to the damages asserted in this complaint.  The Town of Weymouth has failed to deny the claim in writing within six months after the date upon which it was presented.

## COUNT FOUR

## MALICIOUS PROSECUTION

## MICHAEL C. BRENNAN, MATTHEW TINLIN, RICHARD ALSTEDT, JOSEPH COMPERCHIO, W. PAUL BURKE

46. Plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 45 of this complaint as if fully set forth herein.

47. Acting with malice, the individual Defendants filed criminal charges against the Plaintiff without probable cause.

48. These acts, taken together with the dismissal of the criminal charges against Plaintiff, constitute a malicious prosecution in violation of Massachusetts law.

## COUNT FIVE

## FALSE ARREST

## MICHAEL C. BRENNAN, MATTHEW TINLIN, RICHARD ALSTEDT, JOSEPH COMPERCHIO, W. PAUL BURKE

49.    Plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 48 of this complaint as if fully set forth herein.

50.    The arrest of Plaintiff without probable cause constitutes false arrest, in violation of Massachusetts law.

51.    Plaintiff's arrest was proximately caused by the actions of the individual Defendants.

## COUNT SIX

### FALSE IMPRISONMENT

### MICHAEL C. BRENNAN, MATTHEW TINLIN, RICHARD ALSTEDT, JOSEPH COMPERCHIO, W. PAUL BURKE

52.    Plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 51 of this complaint as if fully set forth herein.

53.    The arrest and confinement of Plaintiff without probable cause constitutes false imprisonment in violation of Massachusetts law.

54.    Plaintiff's arrest and confinement was foreseeable and was proximately caused by the actions of defendant in maliciously pursing criminal charges against him without probable cause.

## COUNT SEVEN

### ASSAULT AND BATTERY

### MICHAEL C. BRENNAN, MATTHEW TINLIN, RICHARD ALSTEDT, JOSEPH COMPERCHIO, W. PAUL BURKE

55.    Plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 54 of this complaint as if fully set forth herein.

56.    The individual Defendants did commit an assault and battery against Plaintiff in violation of Massachusetts law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Timothy P. Cardwell requests that this court:

A. Issue a declaration that the policies, practices, and acts complained of herein are illegal and unconstitutional.

B. Enter judgment in favor of the Plaintiff and against each of the Defendants, jointly and severally in an amount that will fairly compensate him for his damages;

C. Grant punitive damages to Plaintiff against Defendants Brennan, Tinlin, Alstedt, Comperchio, and Burke.

D. Award Plaintiff reasonable attorneys' fees, costs, interest and other relief as the Court deems just.

E. Award such other relief as to this Court seems fair and equitable.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS.

Respectfully submitted,
TIMOTHY P. CARDWELL,
BY his attorney,

Terrance W. Stone
63 Chatham Street, 3rd Floor
Boston, Massachusetts 02109
617-742-0022
BBO # 565340

Dated: January 6, 2005

## REQUEST FOR JURY TRIAL

Plaintiff, through his counsel, hereby requests a jury trial on all issues so triable.

Terrance W. Stone
Attorney for Plaintiff Timothy P. Cardwell

DATE: _12·12·05_

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon defendants the Town of Weymouth, Michael C. Brennan, Matthew Tinlin, Richard Ahlstedt, Joseph Comperchio, and W. Paul Burke by mail on January 13, 2005.

Terrance W. Stone