UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY P. CARDWELL,<br>    Plaintiff<br><br>vs.<br><br>TOWN OF WEYMOUTH, MICHAEL C.<br>BRENNAN, individually and in his official<br>capacity; MATTHEW TINLIN, individually<br>and in his official capacity, RICHARD<br>AHLSTEDT, individually and in his official<br>capacity, JOSEPH COMPERCHIO,<br>individually and in his official capacity;<br>W. PAUL BURKE,<br>    Defendants | C.A. No. 04-CV-11993-PBS |

## ANSWER OF DEFENDANTS, TOWN OF WEYMOUTH, MICHAEL C. BRENNAN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, MATTHEW TINLIN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, RICHARD AHLSTEDT, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, JOSEPH COMPERCHIO, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AND W. PAUL BURKE, TO PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND

### PARTIES

1. The Defendants admit the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.

2. The Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

3. The Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint.

4. The Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint.

5. The Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

6. The Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

7. The Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint.

8. The Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint.

9. The Defendants neither admit nor deny the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint.

10. The Defendants neither admit nor deny the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.

11. The Defendants neither admit nor deny the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

12. The Defendants neither admit nor deny the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.

13. The Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.

14. The Defendants neither admit nor deny the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint.

15. The Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

16. The Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint.

17. The Defendants neither admit nor deny the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint.

18. The Defendants admit that the Plaintiff was booked by officers of the Defendant, Town of Weymouth. Defendants deny that Plaintiff suffered any injuries as a result of the arrest.

19. The Defendants neither admit nor deny the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint.

20. The Defendants admit the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint.

21. The Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint.

22. The Defendants admit that the charge of possession of a hyperemic needle was dismissed as stated in Plaintiff's Amended Complaint, Paragraph 22. The Defendants deny that the charge of operating a motor vehicle with a suspended license was dismissed as stated in Plaintiff's Amended Complaint, Paragraph 22, as that charge, upon information and belief, was a continuance without a finding.

23. The Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.

24. The Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25. The Defendants neither admit nor deny the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

## **COUNT ONE**

26. The Defendants repeat their answers to Paragraphs 1 through 25 as if fully set forth herein.

27. The Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint.

28. The Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint.

29. The Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint.

30. The Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.

31. The Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

32. The Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.

33. The Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint.

## COUNT TWO

34. The Defendants repeat their answers to Paragraphs 1 through 33 as if fully set forth herein.

35. The Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.

36. The Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint.

37. The Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint.

## COUNT THREE

38. The Defendants repeat their answers to Paragraphs 1 through 37 as if fully set forth herein.

39. The Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint.

40. The Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint.

41. The Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint.

42. The Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Amended Complaint.

43. The Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Amended Complaint.

44. The Defendant deny the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint.

45. The Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Amended Complaint.

## COUNT FOUR

46. The Defendants repeat their answers to Paragraphs 1 through 45 as if fully set forth herein.

47. The Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Amended Complaint.

48. The Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Amended Complaint.

### COUNT FIVE

49. The Defendants repeat their answers to Paragraphs 1 through 48 as if fully set forth herein.

50. The Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Amended Complaint.

51. The Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Amended Complaint.

### COUNT SIX

52. The Defendants repeat their answers to Paragraphs 1 through 51 as if fully set forth herein.

53. The Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Amended Complaint.

54. The Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Amended Complaint.

### COUNT SEVEN

55. The Defendants repeat their answers to Paragraphs 1 through 54 as if fully set forth herein.

56. The Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Amended Complaint.

### AFFIRMATIVE DEFENSES

1. The Defendants state that the Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and, therefore, move for dismissal of this action pursuant to Mass R. Civ. P. 12(b)(6).

2. The Defendants state that the process of Plaintiff was insufficient and, therefore, Defendants move for dismissal under Mass. R. Civ. P. 12 (b)(4).

3. The Defendants state that the service of process of Plaintiff was insufficient and, therefore, Defendants move for dismissal under Mass. R. Civ. P. 12 (b)(5).

4. The Defendants state that the Plaintiff did not bring his complaint within the time limit provided by the Statute of Limitations and, therefore, Plaintiff's claim is barred by the terms of that Statute.

5. By way of affirmative defense, the Defendants state that M.G.L. c. 258 § 10(a) bars claims against public employees based upon their performance or failure to perform when exercising due care in the execution of any statute, regulation of a public employer, or municipal ordinance or bylaw.

6. By way of affirmative defense, the Defendants state that M.G.L. c. 258 § 10(b) bars claims against public employees based upon their performance or failure to perform a discretionary function within the scope of their employment.

7. The Defendants deny each and every allegation of the Plaintiff's Amended Complaint except as specifically admitted above.

8. The Defendants state that M.G.L. c. 258 § 10(h) bars claims against a public employer whose employee apprehends, arrests, or detains a criminal or suspect.

9. The Defendants say that the Plaintiff was guilty of contributory negligence and that the damage, if any, recovered by the Plaintiff from the Defendants should be reduced in proportion to the said negligence of the Plaintiff in accordance with G.L. c. 231 § 85.

10. The Defendants state that the damages claimed by the Plaintiff were not casually related to any negligent or intentional act of the Defendants, and therefore, Plaintiff is not entitled to recover.

11. The Defendants state that at the time of the alleged incident, Plaintiff was guilty of multiple violations of law which contributed to the alleged injuries.

12. The Defendants state that the Plaintiff has failed to join a necessary party under Rule 19 of the Massachusetts Rules of Civil Procedure.

13. The Defendants state that the Plaintiff failed to properly satisfy the notice requirements of Massachusetts General Laws Chapter 258 § 4 as the presentment requirement failed to properly notify the correct party pursuant to that statute.

14. The Defendants state that the Plaintiff failed to properly satisfy the notice and demand requirements of Massachusetts General Laws Chapter 258 § 4 as the presentment requirement

failed to make a presentment to the executive officer of the public employer or any other officer who can receive notice.

15. The Defendants state that the Plaintiff failed to attach any document in his Amended Complaint indicating notice to the Town of Weymouth within the two (2) year time period pursuant to M.G.L. c. 258 § 4.

16. Defendants state that the Plaintiff has failed to allege conduct comprising threats, intimidation and coercion, and cannot therefore recover under the Massachusetts Civil Rights Act.

17. Defendants state that the Plaintiff has failed to state a claim upon which relief may be granted because he has failed to allege that the Defendants deprived him of any constitutional right.

18. Defendants state that the claims arising out of the subject matter of the occurrences alleged are barred as the Defendants were carrying out law enforcement functions in good faith.

19. The Defendants deny all of the plaintiff's allegations of wrongful conduct and state that its employees were at all relevant times public employees acting within the scope of their employment in good faith and with reasonable suspicion and probable cause, and in the reasonable belief that their actions were lawful.

20. The Defendants deny that the actions and conduct of the Defendants, to the extent that they occurred as alleged, were objectively reasonable under the circumstances of which they were aware, and they enjoy qualified immunity from suit and liability.

21. The Defendants deny that the actions and conduct of the Defendants violated any clearly established constitutional or statutory rights of which they reasonably should have been aware, and they are therefore entitled to qualified immunity.

22. The Defendants are immune from liability pursuant to M.G.L. c. 258 § 2.

23. The Defendants deny that their actions were extreme, outrageous or intolerable in a civilized society.

24. The Defendants state that its employees utilized only the minimum amount of force necessary to overcome plaintiff's resistance and to effect a lawful arrest.

25. The Defendants deny any unprivileged touching of the person of the plaintiff.

26. The Defendants deny placing the plaintiff in reasonable fear of imminent harm.

27. The Defendants deny that the initiation of criminal process against the plaintiff was with malice.

28. The Defendants deny that the initiation of criminal process was without probable cause.

29. The Defendants deny that the confinement of the Plaintiff was unjustified.

30. The Defendants state that the action filed by the Plaintiff is frivolous, wholly unsubstantiated and not advanced in good faith, entitling the Defendants to the recovery of all costs, expenses and attorneys' fees associated with the defense of this case, M.G.L. C. 258, §11.

31. The Defendants state that it was insured through Legion Insurance Company, which was declared insolvent by the Pennsylvania Supreme Judicial Court on July 25, 2003 effective July 28, 2003. The Defendants further state that Massachusetts General Law, Chapter 175D, which concerns insolvent insurers, allows the Defendants, by and through the Massachusetts Insurers Insolvency Fund, to have all set-offs from other available insurance exhausted prior to the Plaintiff receiving any compensation if he is entitled from the Insolvency Fund.

32. The Defendants say that at the time of the alleged accident, the Plaintiff was guilty of a criminal violation of law which contributed to the alleged accident.

### THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES RAISED AND DEFENSES ASSERTED HEREIN.

WHEREFORE, the Defendants demand that the Plaintiff's Amended Complaint be dismissed and judgment entered in favor of the Defendants, together with costs and expenses of this action.

Respectfully submitted,
The Defendants, By their Attorneys,
WYNN & WYNN, P.C.

_____
Charles D. Mulcahy    BBO#359360
90 New State Highway
Raynham, MA 02767
(508) 823-4567

Dated: February 1, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on February 1, 2005.

_____
Charles D. Mulcahy, Esquire

8